UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEHMAN XS TRUST, SERIES 2006-GP2 (LXS
2006-GP2, by U.S. BANK NATIONAL
ASSOCIATION, solely in its capacity as Trustee,
et al.                                                          :   Consolidated Actions:

              Plaintiffs,       :   12 Civ. 7935 (ALC) (HBP)
  -against-                                                       12 Civ. 7942 (ALC) (HBP)
                              :   12 Civ. 7943 (ALC) (HBP)

GREENPOINT MORTGAGE FUNDING, INC.,  :   **MEMORANDUM AND ORDER**

             Defendants.      :

------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

      Non-party Association of Mortgage Investors ("AMI") seeks leave to file a brief as *amicus curiae* in opposition to Defendant's motion to dismiss the complaint for the consolidated actions listed above. The Defendant to the consolidated actions, GreenPoint Mortgage Funding, Inc. ("Greenpoint" or "Defendant") opposes AMI's leave to file an *amicus* brief. For the reasons stated herein, AMI's motion for leave to file (Dkt. No. 19) is DENIED.

      The underlying action has been brought by Trustees of three trusts composed of residential mortgage backed securities (RMBS). GreenPoint is alleged to have sold the loans packaging these securities to Lehman who in turn securitized the loans through a special and assigned them to the Trustees.

      AMI is a non-profit investor-only trade association, representing institutional investors of mortgage-backed securities. AMI also engages in the analysis, development and implementation of housing finance and mortgage policy and educates decisionmakers on these areas of expertise.

GreenPoint opposes leave to file the *amicus* brief on three grounds. First, GreenPoint contends that the proposed *amicus* brief largely duplicates Plaintiff's arguments but adds an industry practice argument that is outside the scope of consideration on a motion to dismiss. Second, GreenPoint argues that AMI is not neutral and Plaintiff is represented by competent counsel, rendering AMI's proposed brief unnecessary. Third, GreenPoint points out that the *amicus* brief was filed long after briefing in the case had ended and thus would only have the effect of delaying the case.

AMI counters that Defendant conflates the standard for allowing an *amicus* brief (court's discretion) with that necessary for filing a motion to dismiss (factual allegations and documents relied on by the plaintiff). Furthermore, courts no longer expect an *amicus* brief to be completely neutral and AMI has no financial interest in the Trusts at issue here. A court may grant leave to file an *amicus* brief in its discretion. Next, AMI argues that timing is not a reason to deny leave because the case has not been decided yet. Finally, the additional argument its proposed brief offers concerning industry practice is relevant to the Court's decision as it provides an alternate basis to survive the motion to dismiss.

"There is no governing standard, rule or statute 'prescrib[ing] the procedure for obtaining leave to file an *amicus* brief in the district court.'" *Onandaga Indian Nation v. State of New York*, No. 97–CV–445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997) (quoting *U.S. v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)). As such, the decision to grant leave to file a brief *amicus curiae* is in the firm discretion of the court. *Jamaica Hosp. Medical Center, Inc. v. United Health Group, Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008). Nevertheless, the Court looks to the Federal Rules of Appellate Procedure, which does provide a rule for the filing of an *amicus*

brief, and also considers the instances when an *amicus* brief serves a laudable, rather than distractive, purpose.

Under Rule 29 of the Federal Rules of Appellate Procedure, "[a]ny [non-US, agency or state] *amicus curiae* may file a brief only by leave of court or if the brief states that all parties have consented to its filing." Fed. R. App. P. 29(a). "A court may grant leave to appear as an *amicus* if the information offered is 'timely and useful.'" *Waste Mgmt of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (citing *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), *aff'd mem.*, 782 F.2d 1033 (3d Cir. 1986)).

The Seventh Circuit has put forth a useful litmus test for when an *amicus* brief is useful:

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case. . . or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir.1997)). "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *Auto. Club of N.Y., Inc. v. Port Authority of N.Y. and N.J.*, No. 11 Civ. 6746(RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) (citing *United States v. El–Gabrowny*, 844 F. Supp. 955, 957 n. 1 (S.D.N.Y. 1994)). But "[t]he named parties should always remain in control, with the amicus merely responding to the issues presented by the parties. An amicus cannot initiate, create, extend, or enlarge issues. . ." *Waste Mgmt.*, 162 F.R.D. at 36 (quoting *Wyatt by and through Rawlins v. Hanan*, 868 F. Supp. 1356, 1358-59 (M.D. Ala. 1994)); *Andersen v. Leavitt*, NO. 03-CV-6115 (DRH)(ARL), 2007 WL 2343672, at

*2 (E.D.N.Y. Aug 13, 2007) ("[A]n *amicus curiae* brief should not be used to address wholly new issues not raised by the parties.") (internal quotation marks and citation omitted).

Only the former basis for allowing the *amicus* brief (*i.e.*, leave of court) applies here where Defendant has opposed its filing. The Court is persuaded that allowing leave to file the *amicus* brief would not serve the limited purposes for which an *amicus curiae* might be useful. As an initial matter, the Court has given the parties ample opportunity to argue their respective positions, allowing a sur-reply and a response to the sur-reply. Plaintiffs are represented by competent counsel that has given as good as it gets. Finally, the additional argument about industry custom practice does not present "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," *Ryan*, 125 F.3d at 1063. Even if it did offer such unique perspective, the issue of industry custom or practice has never been raised by either party and in any case could not singlehandedly upend the application of statute of limitations. Therefore, the *amicus* brief does not "offer insights not available from the parties." *Auto. Club*, 2011 WL 5865296, at *1. On this basis, AMI's motion for leave to file an amicus brief is denied.

## CONCLUSION

For the reasons stated herein, AMI's motion for leave to file a brief as *amicus curiae* (Dkt. No. 19) is DENIED.

SO ORDERED.

Dated:   New York, New York
         January 23, 2014

ANDREW L. CARTER, JR.
United States District Judge

4